IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN CONKLING,

      Plaintiff,

v.                                             Case No. 1:14-cv-00234-WJ-KBM

TRI-STATE CAREFLIGHT, LLC and
BLAKE STAMPER, individually,

      Defendants.

## RESPONSE IN OPPOSITION TO MOTION FOR SUBSTITUTION OF PARTIES

**I.     Background and Procedural History**

In January of 2014, Plaintiff Bryan Conkling filed this lawsuit, which Defendants removed to this Court, asserting a variety of claims against Tri-State CareFlight, LLC ("Tri-State"), Conkling's former employer, and Blake Stamper, the former owner of Tri-State. Bryan Conkling died on September 2, 2015. On September 30, 2015, Plaintiff's counsel filed a "Suggestion of Death Upon the Record and Unopposed Motion to Vacate Trial Setting and Pre-Trial Deadlines" [Doc. No. 62] ("Suggestion of Death"). The Suggestion of Death asserted that "[i]n accordance with Rule 25 of the Federal Rules of Civil Procedure, counsel for Plaintiff will file a Motion for Substitution of Parties or other appropriate pleadings within ninety days of the date of this notice." Ninety days from September 30, 2015 was December 29, 2015. On that date, Plaintiff's counsel did not file a motion for substitution of parties. Instead, he filed an Unopposed Motion to Extend Deadline for Substitution of Parties [Doc. No. 64]. In that motion, Plaintiff's counsel asserted that the "process" for having Mark Conkling appointed as personal representative of Bryan Conkling's estate was delayed because of problems obtaining the death

certificate. He asked the Court to "extend the deadline for substitution of parties to ten days after counsel has received an Order appointing Mark Conkling as the Personal Representative." This motion also stated that "[i]f further delay of the death certificate results in this deadline occurring more than sixty days from the date of entry of an Order extending this deadline, [Plaintiff's] Counsel proposes to submit a status report to the Court explaining the delay." The Court entered an order granting the requested extension and requiring Plaintiff's counsel to file a motion for substitution of parties within ten days of the order appointing Mark Conkling as personal representative and to file a status report "apprising the Court and all parties of the reason for the delay" if the motion was not filed within sixty days of the entry of the order. [Doc. No. 65.]

On February 29, 2016 – almost six months after Bryan Conkling's death – Plaintiff's counsel filed a status report. [Doc. No. 66.] In the status report, Plaintiff's counsel asserted that Mark Conkling "finally received a death certificate at the beginning of February." He also asserted that the "death certificate contained errors regarding Bryan Conkling's personal information." The death certificate was not attached to the status report, nor was there any explanation of what "errors" were on it or why they might have delayed the appointment of a personal representative of Bryan Conkling's estate. In any case, the February 29 status report also asserted that "[a] corrected death certificate was received very recently" and that Plaintiff's counsel was preparing to file the papers to have Mark Conkling appointed as the personal representative and that this lawsuit "should be ready to move forward within approximately 30-60 days." Instead of promptly filing a petition to begin the probate process that would appoint Mark Conkling as the personal representative, however, Plaintiff's counsel waited yet another month, until March 31, 2016, to file the petition. *See* Petition for Adjudication of Intestacy and Appointment of Personal Representative*,* No. D-101-PB-2016-00051 (filed March 31, 2016), attached as Exhibit A.

Thirty days from the date "Plaintiff's Status Report" was filed in this case was March 30, 2016; sixty days from the filing of the status report was April 29, 2016. Plaintiff's counsel did not file a motion for substitution of parties, or a status report, or anything else in March, April, or even May of 2016. Instead, after contacting defense counsel for the first time on June 8, 2016 to determine Defendants' position on the long-delayed motion, Plaintiff's counsel finally filed the instant Motion for Substitution of Parties on June 10, 2018.

## II.     The Motion for Substitution of Parties is untimely.

Rule 25 of the Federal Rules of Civil Procedure governs when a party may substitute for another party who dies during the pendency of a lawsuit. Under Rule 25(a)(1), "If a party dies and the claim is not extinguished, the court may order substitution of the proper party . . . If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). As noted above, the Suggestion of Death was filed on September 30, 2015. Under Rule 25, a motion to substitute parties was due on or before December 29, 2015. Mark Conkling did not meet that deadline.

Defendants recognize, of course, that the Court may extend the time to that motion. *See, e.g., Staggers v. Otto Gerdau Company*, 359 F.2d 292, 296 (2d Cir. 1966); Fed. R. Civ. P. 6(b)(1) (authorizing court to extend deadlines); *In re McClay*, 1990 U.S. Dist. Lexis 6069, No. 88-1069-C (D. Kan. Apr. 26, 1990). In this case, the Court entered an Order Extending Time to Substitute Parties [Doc. No. 65], which specified exactly when the motion for substitution must be filed: "within ten days of the entry of an Order appointing Mark Conkling to act as personal representative for Bryan Conkling." As the motion for substitution correctly notes, "[a]n Order appointing Mark Conkling as the personal representative for Bryan Conkling was entered by the First Judicial District Court on May 16, 2016." (Mot. for Substitution of Parties, at 2

(¶ 7).) Even putting aside the months of delay before filing the probate action, the motion for substitution of parties was due no later than ten days after May 16, 2016 – that is, May 26, 2016 (a Thursday). The June 10, 2016 motion is untimely under not only Rule 25 but also the terms of the Court's December 30, 2015 order and so should be denied.

### III. Neither Mark Conkling nor Plaintiff's counsel has demonstrated excusable neglect for failing to timely file the Motion for Substitution of Parties.

The Motion for Substitution of Parties does not acknowledge that it is untimely and so does not even attempt to argue that the Court should allow an untimely filing because of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). If Mark Conkling (or Plaintiff's counsel) make any such argument in the reply brief, the Court should disregard it as Defendants would have no opportunity to address the argument or any evidence presented in favor of it.

Focusing on the evidence in the record, neither Mark Conkling nor Plaintiff's counsel has made an adequate showing of excusable neglect. To demonstrate excusable neglect, a party "needs to prove both good faith and a reasonable basis for noncompliance." *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988). A party's inadvertence, ignorance of the rules, or mistakes construing the rules ordinarily do not constitute excusable neglect. *United States v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir. 2006), *vacated on other grounds*, 551 U.S. 1129 (2007). In the instant case, the procedural history described above demonstrates a long, unexplained series of delays weighing against yet another extension of time (which, as of the date of this response, has not even been requested). Courts in similar circumstances have denied similar motions. *See, e.g., Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595 (D. Kan. 2000) (denying motion for substitution of parties, noting, "Plaintiff is urging this Court to disregard its own established deadline, to accept an untimely motion, and to provide another extension to rectify the untimely motion"); *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th

Cir. 2003) (affirming district court's refusal to extend time to file a motion for substitution of parties, noting that the attorney for the estate "ha[d] not made any showing or argument of excusable neglect" and "knew that he needed to file the substitution and had stipulated to a scheduling order requiring him to file" the motion by a definite date).

In the instant case, there is no explanation of the supposed "errors" in the death certificate or why they would have prevented Mark Conkling from filing a petition in probate court in early February. (Pl.'s Unopposed Mot. to Extend Deadline for Substitution of Parties [Doc. 64], at 1-2.) There is no explanation for why Mark Conkling waited another month after receiving the *corrected* death certificate to file the petition opening the probate case. *See id.* and Ex. A. There is no explanation for why Mark Conkling's statement (through his lawyer) on February 29, 2016, approximately six months after Bryan Conkling's death, that "this matter should be ready to move forward within approximately 30-60 days," turned out to be so inaccurate. (Pl.'s Status Report [Doc. No. 66], at 1.) There is no explanation for why Mark Conkling did not file another status report after another 60 days had passed advising the Court or Defendants why he had not filed a motion for substitution of parties or what was causing the continued delay. Finally, there is no explanation for why Mark Conkling did not file the motion for substitution of parties within 10 days of being appointed the personal representative of Bryan Conkling's estate. In sum, there is no evidence that would support a finding of good faith or provide justifiable reasons for not meeting the Court's deadline. Even if another extension had been requested, there is no basis to award one.

## Conclusion

The Motion for Substitution of Parties is untimely. Neither Mark Conkling nor his attorney requested another extension of time to file an untimely motion, and even if they had, the

evidence in the record does not support a finding of "excusable neglect" under the law. The Court should deny the Motion for Substitution of Parties and dismiss the lawsuit in its entirety.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____
    Charles J. Vigil
    Jeffrey L. Lowry
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
cvigil@rodey.com
jlowry@rodey.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____
    Jeffrey L. Lowry