IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRYAN CONKLING, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-00234-WJ-KBM |
| TRI-STATE CAREFLIGHT, LLC and<br>BLAKE STAMPER, Individually, | ) |
|     Defendants. | ) |

**REPLY TO RESPONSE IN OPPOSITION TO
MOTION FOR SUBSTITUTION OF PARTIES**

COMES NOW Mark Conkling, by and through his Counsel, JONES, SNEAD, WERTHEIM & CLIFFORD, P.A., and for his Reply to Defendants' Response in Opposition to Motion for Substitution of Parties, states as follows.

Plaintiff Bryan Conkling died in September of 2015.  After affording the family a reasonable time to make decisions, Defendants were informed that Mark Conkling, Bryan's father, would be substituted as the Plaintiff in this matter.  To that end, on December 29, 2016, counsel for Plaintiff contacted counsel for Defendant, attaching a proposed Motion and Order substituting Mark Conkling as the plaintiff.  In that communication, counsel noted that "Mark Will be appointed personal representative.  Because he has not yet received a death certificate, that appointment has not yet been made."  Counsel requested defense approval of the motion and order.

In response, counsel for the defense stated that "…because Mark is not yet the PR, we don't think it is proper at this time to substitute him in as a party."  Seeking to accommodate that position, Plaintiff agreed to a series of extensions—an accommodation that has significantly

delayed this matter, particularly because of unexpected delays in obtaining Bryan Conkling's death certificate. Thus, Defendants and their counsel have been aware from the beginning that Mark Conkling would be appointed personal representative, and that he would then seek to be substituted as the plaintiff in this matter. Plaintiff properly file a status report on February 29, 2016, informing the Defendants and the Court that Bryan's death certificate had recently been received; that probate proceedings were being prepared; and estimating that the matter would be ready to proceed in 30-60 days. The Order appointing Mark Conkling as personal representative was entered on May 16, about two weeks after the 60-day estimate.

When Plaintiffs' counsel sought approval of the Motion for Substitution, soon after entry of that Order, counsel for the defendants stated, without explanation, that they no longer had authority to agree to the motion. Plaintiff accordingly filed the Motion for Substitution of Parties. In their Response, Defendants argue that the Motion was untimely, and that Plaintiff should be barred from arguing excusable neglect because Defendants would have no opportunity to address the argument. Realizing an error in filing and that the Motion for Substitution was not in fact timely, and to assuage Defendants' concern that they would not have the opportunity to address Plaintiff's argument, Plaintiff will file a separate Motion to Extend Time to File Motion to Substitute Parties, which will afford Defendants a full opportunity to address Plaintiff's argument. Rather than burdening the court with what are likely to be duplicative arguments regarding those issues by replying in full to Defendants' response here, Plaintiff will address those matters in the Motion to Extend Time. Accordingly, although the Defendant's arguments made in their Response are not addressed in this Reply, they are addressed in the Motion to Extend Time.

Respectfully Submitted,

JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.

By: /s/*Samuel C. Wolf*
Samuel C. Wolf
1800 Old Pecos Trail
Santa Fe, NM 87505
Tel. (505) 982-0011
sam@thejonesfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that on the 7th day of July, 2016, a true copy of the foregoing *Reply to Response in Opposition to Motion to Substitution Parties* was served via the CM/ECT system on Mr. Charles Vigil at cvigil@rodey.com and Mr. Jeffery L. Lowry jlowry@rodey.com.

/s/*Samuel C. Wolf*
SAMUEL C. WOLF

3