IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRYAN CONKLING, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-00234-WJ-KBM |
| TRI-STATE CAREFLIGHT, LLC and<br>BLAKE STAMPER, Individually, | ) |
|     Defendants. | ) |

### MOTION TO ACCEPT LATE-FILED MOTION TO SUBSTITUTE PARTIES

COMES NOW Mark Conkling, by and through his Counsel, JONES, SNEAD, WERTHEIM & CLIFFORD, P.A., and respectfully moves this Court to accept a late-filed Motion for Substitution of Parties. As noted in Plaintiff's Reply to Defendant's Response to the Motion to Substitute Parties, filed on June 10, 2016, this Motion is filed separately to address Defendant's stated concern that they would be denied the opportunity to respond appropriately. Defendants counsel was contacted and states that this Motion is opposed.

### Background

Bryan Conkling died in a climbing accident in the Sandia mountains on or around September 2, 2015. Counsel for the Defendants, and this Court, were promptly notified, and a Notice of Suggestion of Death timely filed. On December 29, 2015, counsel for the Defendants was informed that Mark Conkling, Bryan's father, would be named personal representative for Bryan's estate[1] and would seek substitution as the plaintiff in this matter. Counsel for the Defendants stated their position that they thought Mark should not be substituted until he had been formally named as the personal representative. That request—accommodated by counsel

---

[1] To avoid confusion between the two Mr. Conklings, first names are used throughout.

for the Plaintiff—tied the substitution to the probate proceeding, which was slowed by a lengthy delay in obtaining a proper death certificate for Bryan.  Now, Defendants seek to use the delay caused by their own request to tie the substitution of parties to the probate process, and a timing error by Plaintiffs' counsel, to deny the substitution all parties and the Court have been aware was in progress for over six months.  Because the brief delay caused by Plaintiff's counsel's failure to file the Motion for Substitution (which was known to be pending, and contained no surprises) will cause no prejudice to the defendants, or delay to the proceedings, and was not caused by any bad faith, it is appropriate for this Court to enlarge the filing time for the Motion and permit this matter to move forward with Mark as the Plaintiff.

1. **Plaintiff's Counsel's Error in Filing the Motion for Substitution Should be Excused Under Fed. R. Civ. P. 6(b) as "Excusable Neglect".**

On December 30, 2015, this Court entered an order providing that the time to enter an order substituting parties was extended; requiring that counsel for Plaintiff file a status report if the Motion to Substitute parties was not entered within sixty days; and providing that Plaintiffs' counsel should file the Motion to Substitute Parties within ten days of the entry of an Order appointing Mark Conkling to act as personal representative for Bryan Conkling.

On February 29, 2016, Plaintiffs' counsel timely filed a status report, informing the Court and the parties that a correct death certificate had just been received, and that counsel was preparing the probate filings.  Counsel estimated that the matter would be ready to move forward "…within approximately 30-60 days."  As 60 days would have been approximately May 1, 2016, counsel's estimate was off by about two weeks; the Order appointing Mark Conkling was entered by the First Judicial District Court on May 16, 2016.  Given intervening weekends and the Memorial day holiday, the Motion for Substitution should have been filed on May 31, 2016.  Counsel missed that deadline, and on June 8, 2016, sought concurrence from Defendants'

counsel on filing the Motion for Substitution. On June 10, 2016, Defendants' counsel stated that he "…no longer ha[d] authority" to approve the substitution." Plaintiff's counsel filed the Motion for Substitution that day. Because this minor delay in filing a motion that all parties and the Court understood to be pending for months prior has no substantive impact on this proceeding and will not prejudice Defendants in any way, this Court should accept the late filing and grant the Motion to Substitute parties.

Federal Rule of Civil Procedure 6(b) provides that this Court may, for good cause, extend the specified time within which an act must be completed "…on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court of the United States has interpreted "neglect," to carry its ordinary meaning: "…to leave undone or unattended to especially through carelessness." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (internal punctuation modified). Although that case specifically addressed the bankruptcy equivalent of Fed. R. Civ. P. 6(b), the meaning here is the same. City of Chanute, Kan. V. Williams Natural Gas. Co., 31 F. 3d 1041, 1046 (10th Cir. 1994) Other federal courts have recognized "excusable neglect" as "…a somewhat 'elastic concept… that may "…encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and the movant's excuse has some merit." Lee v. ITT Standard, 268 F. Supp. 2d 315, 330 (W.D.N.Y. 2002), citing LoSacco v. City of Middletown, 71 F. 3d 88, 93 (2d Cir. 1995).

Factors for a court to consider in evaluating a request under Fed. R. Civ. P. 6(b) include "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable

control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." Coleman v. Blue Cross Blue Shield of Kan., 487 F.Supp. 2d 1225, 1235 (D. Kansas 2007).

      Here, Defendants can show no prejudice whatsoever: a motion to substitute Mark Conkling for Bryan Conkling due to Bryan Conkling's death, which they had been informed repeatedly for over six months was coming, was filed the week after it should have been. The length of the delay is insignificant in the context of the case; indeed, the Defendant's opposition to that substitution has already caused far more delay that counsel's inadvertent error in filing. Had Defendants not objected, Mark would have been substituted no later than January 2016. And, of course, had Defendants' accommodated the reasonable request at that time, there would not have been a series of additional deadlines, tied to the unpredictable Office of the Medical Examiner and the probate process, to meet. Counsel's error in meeting one of those deadlines and the brief delay that error occasioned has no significant effect on this litigation and certainly does not merit dismissal of the case.

      As to the reasons for the delay, it must be acknowledged that had Defendants not opposed Plaintiffs' request for substitution of parties when it was first requested, there would be no issue and this matter would have moved forward six months ago. However, Defendants requested that the matter be delayed until the probate process named Mark the personal representative for Bryan's estate; Plaintiffs' counsel accommodated that request, although it resulted in a series of additional deadlines, including the 10-day deadline to file the Motion for Substitution after the Order appointing Mark was entered. Counsel's only error—and counsel admits that it was simply an error—was in failing to file the Motion for Substitution within 10 days of entry of the Order appointing Mark as the personal representative.

Counsel's reason for missing the deadline, the third factor, is also reasonable. The weeks following entry of the Order appointing Mark as Bryan's personal representative, Counsel was responsible for addressing summary judgment matters in two cases—one Motion Response (due June 1) and a hearing (May 25). Then, on May 20, 2016 (after a May 12 hearing) Judge William P. Johnson entered an Order granting a Motion to Reconsider a year-old dismissal of another client who had been a defendant in a complex litigation. Because the client had been dismissed on a 12(b)(6) motion more than a year prior, counsel had not been involved in the litigation; suddenly, the client and counsel were back in a litigation which had had hundreds of pleadings and tens of thousands of pages of discovery filed in the interim. Four plaintiffs and five defendants were scheduling depositions and preparing for settlement. In making efforts to adequately address the two summary judgment matters and catch up on the extensive litigation history of the case into which counsel's client had suddenly been brought back in—and in which discovery and initial disclosures were coming due—counsel neglected to calendar the 10-day response time from the entry of the Order appointing Mark as Bryan's personal representative. As a result, counsel neglected to timely file the Motion for substitution.

Given the factors described in Coleman, 487 F.Supp. 2d at 1235, Plaintiff has adequately established that excusable neglect exists in this case. There is no prejudice to the defendants; there is no substantive delay; counsel's explanation is reasonable, and demonstrates that there is no issue of bad faith here. The Court should grant this Motion, and accept Plaintiff's Motion to Substitute Parties despite its tardiness.

2. **The Substitution of Parties Here, Known by all Parties to be Pending, is Governed by Rules Intended to be Flexible, and Plaintiff's Brief Delay in Filing the Motion Does Not Merit Dismissal of the Action.**

Counsel's error in filing the Motion for Substitution of Parties is outside of the 10-day limit noted in the Order constituted excusable neglect, and this Court should accept the Motion and enter an Order substituting Mark as the Plaintiff. Besides the factors addressed above with regard to the excusable neglect standard, it is worth considering the alternative. The Tenth Circuit Court of Appeals has recognized that dismissal of an action is an extreme sanction. Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993). In that case, the Tenth Circuit cautioned district courts to consider a number of factors before choosing dismissal as a sanction. Id. These factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." Id.

Here, as established above, there is no actual prejudice to the defendant, and the brief delay in filing a motion all parties understood to be pending does not interfere with the judicial process at all. Although Plaintiff's counsel accepts responsibility for the error, it is simply that: an error, and one clearly within the contemplation of Fed. R. Civ. P. 6(b). In addition, there was clearly no warning that dismissal of the action could result from a failure to meet the 10-day deadline; the matter was only procedural, and the deadline was included only to ensure no unreasonable delay. Finally, if any sanction at all is justified, certainly one far short of dismissal is appropriate.

The rules at issue themselves further inform these facts, and demonstrate that Mark should be substituted and the matter allowed to proceed. The underlying purpose of Federal

6

Rule of Civil Procedure 25(a), regarding substitution of parties in case of death, is to allow flexibility in substitution, and the rule should be liberally interpreted. Kasting v. American Family Mut. Ins. Co., 196 F.R.D. 595, 601 (D. Kan. 2000). Prior to 1963 amendments, the combination of Rule 25(a)(1) and 6(b) resulted in an "inflexible requirement" that resulted in "hardships and inequities." Fed. R. Civ. P. 25, Advisory Committee Notes, 1963 Amendment. Both of these rules were modified at the same time to allow more flexibility in the process of substituting a party after a party died. Id.; *see also* Kasting, 196 F.R.D. at 601.

The advisory committee notes, discussing changes to the rule to allow more flexibility in 1963, specifically note that a court may deny a motion to substitute where circumstances have arisen "…rendering it unfair to allow substitution." Fed. R. Civ. P. 25, Advisory Committee Notes, 1963 Amendment. In the present case, the Defendants (or their counsel, at least) have been aware of Bryan's death since hours after it happened, and have been aware of Bryan's family's intention to substitute Mark as the Plaintiff since not long after Bryan's death. Nothing suggests that there is any unfairness; it was fair to substitute Mark as the plaintiff on May 31, no less fair to substitute Mark as the Plaintiff on June 10, and no less fair to substitute Mark as the Plaintiff now. Just as with the question of prejudice addressed above, there simply is no harm done by an inadvertent error resulting in the brief delay of a procedural motion expected by the Court and all parties.

## Conclusion

Mark Conkling sought to be substituted as the Plaintiff in this matter promptly and well within applicable deadlines. Defendants requested that he wait until the probate process had appointed him as Bryan's personal representative—a request that necessitated tying the schedule for substitution in this case to the probate process, preparation of the death certificate, and other

7

essentially unrelated matters. In meeting that schedule, Plaintiff's counsel made a simple error that resulted in a procedural motion known by all parties to be pending being filed the week after it should have been filed. This error results in no prejudice to the Defendants, no delay of the Court schedule, was caused by excusable neglect, and bears no suggestion of bad faith. The error does not merit any sanction, much less the extreme sanction of dismissal. For these reasons and those stated throughout, Plaintiff respectfully moves this Court to grant this Motion and the Motion to Substitute Parties.

>Respectfully Submitted,
>
>JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.
>
>By: /s/*Samuel C. Wolf*
>Samuel C. Wolf
>1800 Old Pecos Trail
>Santa Fe, NM 87505
>Tel. (505) 982-0011
>Fax (505) 989-6208
>sam@thejonesfirm.com

**CERTIFICATE OF SERVICE**

It is hereby certified that on the 8th day of July, 2016, a true copy of the foregoing *Motion to Accept late-Filed Motion to Substitute Parties* was served via the CM/ECT system on Mr. Charles Vigil at cvigil@rodey.com and Mr. Jeffery L. Lowry jlowry@rodey.com.

>/s/*Samuel C. Wolf*
>SAMUEL C. WOLF