IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK CONKLING,
Personal Representative of the Estate of
Bryan Conkling,

       Plaintiff,

      v.                                          Case No. 1:14-cv-00234-WJ-KBM

TRI-STATE CAREFLIGHT, LLC and
BLAKE STAMPER, individually,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON COUNT IV FOR MALICIOUS ABUSE OF PROCESS**

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment on Count IV for Malicious Abuse of Process, filed February 10, 2017 **(Doc. 89)**. Having reviewed the relevant pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is denied.

### BACKGROUND

This is an employment discrimination case, filed in First Judicial District Court, County of Santa Fe, on January 13, 2014. Defendants removed the case to federal court on March 10, 2014 based on diversity jurisdiction. Bryan Conkling ("Bryan") worked as a flight paramedic and base manager for Tri-State Careflight ("Tri-State"), an emergency medical services ("EMS") provider that provides air ambulance services in Arizona, Colorado, Nevada and New Mexico.[1] Bryan contends that Tri-State and Dr. Stamper began to discriminate against him after he became

---

[1] Bryan Conkling died intestate on September 2, 2015, during the pendency of this case, and his father Mark has been substituted as the named Plaintiff as his personal representative. See Doc. 72. The Complaint was amended to reflect that change. See Doc. 11. The Court will refer to "Bryan" where necessary in order to distinguish the presently-named plaintiff from the original plaintiff in this action.

ill in the summer of 2012 and had to take medical leave. He alleges that when he returned to work, he was not permitted to work in Santa Fe as he had done in the past, but was assigned to the Gallup base and was demoted. He eventually was returned to a position as a co-manager at the Santa Fe base, but found that position intolerable. Bryan also alleges retaliation because he engaged in protected labor organizing activity when he informed certain governmental regulatory agencies about safety violations and violations regarding transport, storage and use of controlled substances. Bryan was terminated from his position, and he contends that his termination was based on discrimination on the basis of his serious health condition and in retaliation for his protected labor organizing (union) activity and for reporting safety violations. The Amended Complaint (Doc. 11) alleges four counts:[2]

    Count I:    Retaliatory Discharge;

    Count II:    Defamation; and

    Count IV:    Malicious Abuse of Process.

In this motion, Plaintiff moves for summary judgment on Count IV for Malicious Abuse of Process. Plaintiff contends that the First judicial District Court in Santa Fe, New Mexico has already concluded that Dr. Stamper and Tri-State Careflight ("Tri-State"), both Defendants in this lawsuit, perpetrated fraud on a court in their suit against Conkling, and that such fraudulent action satisfies the elements of the tort of malicious abuse of process.

**I.    Undisputed Facts**

The basis for Plaintiff's malicious abuse of process claim arises from a separate lawsuit that was filed by Defendants Stamper and Tri-State in state court in Arizona. According to Defendants, Bryan's employment at Tri-State was troubled and in the final months before his

---

[2] Count III alleged a violation of the New Mexico Human Rights Act, NMSA 1978, §28-1-7(A), which the Court dismissed based on Plaintiff's refusal to comply with the Court's discovery Order. See Doc. 82.

termination in July 2013, numerous co-workers complained about his hostile, rude and generally unprofessional behavior. When Plaintiff allegedly submitted a fraudulent time card, he was terminated.

About a week after his termination, an "anonymous" posting appeared on a web site devoted in part to recruiting helicopter pilots. The posting stated, "As you might have heard, I was notified on Friday, July 26, 2013 of my termination from Tri-State CareFlight after almost 6 years." Ex. A.[3] The posting specifically referred to "Bryan" and discussed the termination of his employment in the first person. *Id.* It was also identical to an e-mail that Bryan sent the day before the posting. Ex. B. The posting contained numerous allegations of supposedly "factual, documented" events at Tri-State that attacked or impugned Tri-State's reputation for safety, among other things. Dr. Stamper believed these representations were factually false and had caused damage to Tri-State and for this reason he and Tri-State filed a defamation lawsuit against Bryan in state court in Maricopa County, Arizona Superior Court. Ex. E at 66:6-20.

On April 16, 2014, the Arizona court entered a default judgment against Bryan Conkling in the Arizona lawsuit, and that judgment was never appealed and remains in full force and effect under Arizona law. Ex. K.[4]

On December 15, 2014, Defendants attempted to domesticate that judgment in New Mexico by filing a "Notice of Filing of Foreign Judgment" in the First Judicial District Court in Santa Fe, New Mexico. Ex. 2. However, District Court Judge Sarah Singleton refused to apply full faith and credit to the Arizona state court default judgment because Defendants (who were plaintiffs in the Arizona lawsuit) never properly served Bryan Conkling. Judge Singleton further

---

[3] Exhibits A through K refer to exhibits attached to Defendants' Motion for Summary Judgment, Doc. 88.

[4] There is no explanation given why either Bryan or his father Mark ever sought to have the Arizona default judgment set aside.

found that the Arizona judgment was secured through fraud because Defendants had represented to the Arizona court that Bryan had been served when in fact he had not.  Ex. 3.  The court found that this conduct was "unprofessional" and "constitutes intrinsic fraud."  *Id.* at 3.  Judge Singleton also found that the court "lacked authority" to dismiss the default judgment in the Arizona Court.

Notwithstanding Judge Singleton's denial of full faith and credit to the foreign judgment, the facts surrounding service of process in the Arizona case are still disputed.  Plaintiff's position is that Defendants elected to sue Bryan for defamation in Arizona even though he lived in Santa Fe.  They then "deliberately avoided properly serving" Bryan with process in New Mexico and instead had process delivered to Bryan's father's address despite having been informed by Bryan years earlier that he did not use that address.  *See* Doc. 89 at 7.  Defendants' position is that service of the Arizona lawsuit was particularly difficult because Bryan did not give a valid physical address. They contend that they relied on the services of a professional process server in New Mexico and an Arizona lawyer who engaged that individual's services, to comply with their legal obligations with respect to service of process.  Ex. H (affidavit of counsel of record in Arizona lawsuit).

## II.    Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the Court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A fact is 'material' if, under the

4

governing law, it could have an effect on the outcome of the lawsuit." *Horizon*, 220 F.3d at 1190. Here, because Plaintiff is the movant who will bear the ultimate burden of proof at trial, summary judgment can be entered only if he "submits evidentiary materials to establish all of the elements of the claim . . . ." *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1322 (5th Cir.1992), *cert. denied sub nom., Dannis v. Resolution Trust Corp*., 506 U.S. 1048, 113 S.Ct. 963 (1993), cited in *Stat-Tech Liquidating Trust v. Fenster*, 981 F.Supp. 1325, 1335 (D.Colo., 1997).[5]  This means that Plaintiff must show that he is entitled to summary judgment on *all* the elements of a malicious abuse of process claim.

## DISCUSSION

The elements of the tort of malicious abuse of process are (1) use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) primary motive in the use of process to accomplish an illegitimate end; and (3) damages. *Curham v. Guest,* 2009-NMSC-007,¶31 (citing *Richardson v. Rutherford,* 1990-NMSC-015, ¶23)). In any malicious prosecution claim, "the use of process for an illegitimate purpose forms the basis of the tort . . . some definite act or threat not authorized by the process." *Id.*

Plaintiff contends that the facts underlying these elements have "already been adjudicated by a competent court" based on Judge Singleton's state court order denying full faith and credit to the Arizona default judgment ("Judge Singleton's Order"), and are therefore undisputable and undisputed.  Plaintiff claims that (1) Defendants misused the legal process by making misrepresentations to a judge in order to obtain an improper judgment (improper use of service satisfying the first element); (2) that they deliberately and fraudulently misled the Arizona court in order to obtain default judgment against Bryan, then sought to collect that judgment from him

---

[5]  By contrast, a moving party that does not bear the burden of proof at trial (such as when a defendant files a summary judgment motion) "need only demonstrate the absence of an essential element of the opponent's case. *Stat-Tech Liquidating Trust,* 981 F.Supp. at 1322 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).

in New Mexico (satisfying second element of motive to accomplish an illegitimate end); and that (3) Bryan suffered damages as a result in the form of attorney fees and personal anxiety, based on deposition testimony of Brian's father who stated that he "watched [Bryan's] anguish over knowing that any credit check or job search . . . would be shot down by a judgment that was filed against him." Ex. 4 at 51:20-23 (third element satisfied).

      Defendants argue that none of the elements for the tort claim is satisfied based on Judge Singleton's Order and that the material facts are still disputed.  A plaintiff can prove the first element of a malicious abuse of process claim either by establishing either (1) that the filer of a complaint lacked probable cause, or (2) that there was an "irregularity or impropriety suggesting extortion, delay or harassment."  *Lenscrafters, Inc. v. Kehoe,* 2012-NMSC-020, ¶30. Defendants argue that neither method is proven here.  They maintain that they had probable cause for filing the lawsuit against Bryan, based on their belief that the false statements he made about Tri-State were damaging to Tri-State's reputation.  *See DeVaney v. Thriftway Mktg. Corp.,* 1998 NMSC-001, ¶27, 124 N.M. 512 (to prove that a lawsuit lacks probable cause, a claimant must show that "the opponent did not hold a reasonable belief in the validity of the allegations of fact or law of the underlying claim"), *overruled on other grds. by Durham,* 2009-NMSC-007, ¶13, 145 N.M. 694.  As for the second method of proving the first element, Defendants contend that Plaintiff cannot prove that the service of process issue is an "irregularity or impropriety suggesting extortion, delay or harassment" because "there is a dispute as to whether Defendants took sufficient additional steps to satisfy a rule of civil procedure." Doc. 95 at 9-10.

      Defendants also claim that the second element of a malicious abuse of process claim is disputed as well, and they offer facts showing that the Arizona lawsuit was filed for the legitimate motive of stopping Bryan from making defamatory comments about Tri-State.

Finally, Defendants dispute whether Bryan suffered any damages from their conduct in filing the lawsuit and obtaining a judgment against him, and offer as evidence medical records in order to show that any anxiety or "anguish" experienced by Bryan was not the result of the Arizona judgment, but from his own health issues.[6]

Plaintiff maintains that all of the elements of malicious abuse of process have already been decided by Judge Singleton's Order. However, in order to use Judge Singleton's Order to establish the elements of a malicious abuse of process claim, this Court must be required to give that Order full faith and credit—and therein lies the rub.

Federal courts are required by the Full Faith and Credit provision of 28 U.S.C. § 1738 (1982) to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Bolling v. City & Cty of Denver, Colo., by Migra v. Warren City School District Board of Education,* 465 U.S. 75 (1984). Judge Singleton's Order is not a judgment; it is an Order which *denied* Defendant's request to domesticate the Arizona judgment, leaving it intact, valid and enforceable because Judge Singleton found that she did not have the authority to dismiss the Arizona default judgment. Therefore, there is no "judgment" for this Court to give deference to, nor is this Court required to adopt or consider any of the findings in Judge Singleton's Order to resolve the factual disputes in this case for summary judgment purposes.

The Full Faith and Credit doctrine leads to another consideration which in the Court's view makes Judge Singleton's Order even less applicable to this motion: issue preclusion, also known as collateral estoppel.[7] *See Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520, n.3 (10th

---

[6] Exhibits L through N are sealed medical records filed by Defendants separately from the response. *See* Doc. 96.
[7] The Court notes that neither party discussed the "full faith and credit" doctrine or issue preclusion in arguing their respective positions. Plaintiff merely insisted that Judge Singleton's Order controls, without providing any legal

Cir. 1990) (the terms "collateral estoppel" and "issue preclusion" are used interchangeably). There are two prerequisites to the application of collateral estoppel: (1) the issue to be precluded must have been actually and necessarily decided in the prior case, and (2) the party against whom collateral estoppel is invoked must have had a full and fair opportunity in the earlier case to litigate the issue to be precluded. *Ten Mile Industrial Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1523 (10th Cir.1987).

Judge Singleton denied full faith and credit to the Arizona default judgment based on her findings that the judgment had been secured through fraud related to lack of service and that Arizona counsel had made misrepresentations to that court. Because the matter in front of Judge Singleton concerned the domestication of the Arizona judgment, the issue of fraud was not "actually and necessarily decided," and Defendants did not have an opportunity to fully and fairly *litigate* that issue. Thus, Judge Singleton's Order and her findings on fraudulent conduct on the part of Defendants cannot be used to prove the elements of Plaintiff's malicious abuse of process claim or to resolve the factual disputes which have been raised on the elements of that claim in this motion.

In support of the motion for summary judgment, Plaintiff relies solely on the "facts" relating to findings of fraud in Judge Singleton's Order to prove each of the elements in the malicious abuse of process claim. Plaintiff presents no other evidence other than these "facts" to rebut Defendant's additional facts, which the Court finds have created material factual disputes for Count IV. Material factual disputes exist as to whether Defendants made numerous attempts to deliver the summons and complaint to Bryan Conkling and whether these attempts were made in good faith; there are factual disputes regarding Defendants' motive in bringing the Arizona

---

basis for that argument; and Defendants simply claimed that factual disputes exist which preclude summary judgment, without explaining why this Court could *not* rely on Judge Singleton's Order.

lawsuit; and there are disputes about whether the alleged damages suffered by Bryan resulted from Defendants' alleged conduct.  Because these disputes will have to be resolved by a fact-finder at trial, Plaintiff is not entitled to summary judgment on Count VI.[8]

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment on Count IV for Malicious Abuse of Process **(Doc. 89)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Defendants have also filed a motion for summary judgment (Doc. 88) which is pending before the Court and which also seeks dismissal of Count IV.  Thus, unless the Court grants Defendants summary judgment on that claim, it will proceed to trial.